## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY L. BERG,** | \| |
| **Plaintiff,** | \| |
| v. | \| Case No. 13-1164-DDC-KGG |
| **MARK G. AYESH, et al.,** | \| |
| **Defendants.** | \| |

### MEMORANDUM AND ORDER

The Court has under consideration Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 28 U.S.C. § 1927 (Doc. 27) [hereinafter "Motion to Dismiss"].[1] Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court grants the motion in part and denies it in part.

### I.  BACKGROUND

Pro se plaintiff Jerry L. Berg commenced this action by filing a civil complaint on April 30, 2013, against Cedar Lakes Village Condominium Association ("CLVCA"); its attorney, Mark G. Ayesh; its Property Manager, Simon Palmer Properties, Inc. ("SPP"); and eighteen members of CLVCA and unit owners or residents.[2] He sues all defendants for alleged tortious interference with contract, alleged violations of the Kansas Uniform Common Interest Owners' Bill of Rights Act ("KUCIOBORA"), K.S.A. § 58-4601 et seq.; and alleged violations of the

---

[1]The parties have also electronically filed two documents as motions (Docs. 32 and 36) that are merely supplemental briefs related to the motion to dismiss (Doc. 27). The Court will consider these two filings and the filings prompted by them (Docs. 37, 38, and 39) as supplementing the briefing regarding the motion to dismiss. For ease of reference, the Court will cite to the supplemental briefing only by their document number on the Court's CM-ECF docket. The Clerk of the Court is directed to edit the docket entries for Docs. 32 and 36 to reflect that the filings are supplements – not motions – and to make any necessary changes to the related docket entries for Docs. 37, 38, and 39.

[2]*See* Compl. (Doc. 1) ¶¶ 2-15.

Kansas Constitution and Bill of Rights.[3]  And he sues the two entities and Ayesh for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[4]

On June 7, 2013, defendants moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to 28 U.S.C. § 1927 because, defendant claims plaintiff should be declared a vexatious litigant.[5]  Upon the filing of defendants' Reply (Doc. 33), the motion became fully briefed and ready for ruling. Given the filing of the motion and similarities between this case and another case filed by plaintiff – Case No. 12-1123-KHV – the Court essentially stayed all proceedings in this case pending resolution of the Motion to Dismiss.[6]  And then, on December 12, 2013, the Court granted defendants' Motion for Summary Judgment in the related case, found that plaintiff's FDCPA claims failed as a matter of law, declined to exercise supplemental jurisdiction over plaintiff's state law claims, and remanded the case to state court.  *Berg v. Frobish [Berg I]*, No. 12-1123-KHV, 2013 WL 6511877, at *4-7 (D. Kan. Dec. 12, 2013).  This ruling prompted a series of supplemental briefs on the Motion to Dismiss in this case.[7]  In that briefing, defendants urge the Court to dismiss this case for lack of jurisdiction to be consistent with the dismissal of Case No. 12-1123-KHV.[8]

---

[3]*See id.* ¶¶ 74-107.

[4]*See id.* ¶¶ 65-73.

[5]*See* Mot. Dismiss at 2; Mem. Facts & Law Supp. Defs.' Mot. Dismiss ("Mem.") (Doc. 28) at 4-5, 22.

[6]*See* Minute Order Staying Discovery (Doc. 34) (noting "that the claims [in this case] appear to duplicate, or at best continue, the claims presented in case number 12-1123-KHV, which is also subject to pending dispositive motions").

[7]*See* Docs. 36-39.

[8]*See* Doc. 36 at 2.

## II.  JURISDICTION

To be consistent with the ruling in the prior case, defendants urge the Court to dismiss this action for lack of jurisdiction because plaintiff – as in his prior case – predicates federal jurisdiction only on his FDCPA claims.  Doc. 36 at 2.  Defendants misconstrue the ruling in *Berg I*.  The Court in *Berg I* did not dismiss the FDCPA claims for lack of jurisdiction.  *See* 2013 WL 6511877, at *4-7.  It instead found that such claims failed as a matter of law because the defendants, including SPP and CLVCA, were not debt collectors within the meaning of the FDCPA and were not attempting to collect any consumer debt.  *See id.*  The jurisdictional issues arose only when the Court considered whether to exercise supplemental jurisdiction over the state law claims.  *See id.* at *7.  For jurisdictional purposes in this case, plaintiff adequately alleges a violation of the FDCPA.

## III.  VEXATIOUS LITIGANT

Pursuant to 28 U.S.C. § 1927, defendants seek to dismiss this action because plaintiff should be declared a vexatious litigant.  Mem. at 22.  That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Although the Court may employ § 1927 to sanction attorneys and other persons admitted to conduct cases, the statute provides no means to dismiss an action.  "Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct."  *Jackson v. Diversified Collection Servs., Inc.*, 485 F. App'x 311, 312 (10th Cir. 2012)

3

(quoting *United States v. Blodgett,* 709 F.2d 608, 610-11 (9th Cir. 1983)).  Consequently, the Court declines to dismiss this action under § 1927.  And, because defendants seek no sanction permitted under the statute, it declines to otherwise consider whether plaintiff properly could be declared a vexatious litigant under that statute.

### IV.  MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants seek to dismiss this action for failure of plaintiff to state a claim upon which relief can be granted.  Mem. at 4-5.

Among other things, pleadings that state "a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This rule is intended to provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In accordance with Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim or pleading.  When considering such a motion, the courts "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted;" they do not "weigh potential evidence that the parties might present at trial."  *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co.,* 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).  They must examine only the pleadings, unless they treat the motion "as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).

For purposes of Rule 12(d), the reach of the term "pleadings" frequently extends, however, beyond the four corners of the actual complaint filed in the action.  "Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to

dismiss." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  And when a document is "referred to in and central to the complaint," the courts may consider the document if "no party disputes its authenticity." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal*, 453 F.3d at 1265 n.24.  Courts also may permissibly "review 'mere argument contained in a memorandum in opposition to dismiss' without converting the Rule 12(b)(6) motion into a motion for summary judgment." *Cnty. of Santa Fe, N.M.,* 311 F.3d at 1035 (quoting *Miller*, 948 F.2d at 1565).

Courts "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Burnett v. Mtg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  And they "resolve all reasonable inferences in the plaintiff's favor." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126-27 (10th Cir. 1998)).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). But plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Complaints and other claim-asserting pleadings must allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, they must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). Unless plaintiffs allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible," their claims are subject to dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 570.

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Burnett*, 706 F.3d at 1236 (quoting *Iqbal,* 556 U.S. at 679). The task requires "comparing the pleading with the elements of the cause(s) of action." *Id.* But a plaintiff may "set forth plausible claims" without making "a prima facie case for each element." *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012). To state a claim sufficiently, a pleading must at least allow a reasonable inference of the legally relevant facts. *Burnett*, 706 F.3d at 1236. "The relevant issue is not whether the [plaintiff] will ultimately prevail, but whether the [plaintiff] is entitled to offer evidence in support of his or her claims." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 663 (D. Kan. 2014).

**A. Fair Debt Collection Practices Act ("FDCPA")**

Plaintiff sues CLVCA, its attorney (Ayesh), and its Property Manager (SPP), for alleged violations of the FDCPA. *See* Compl. ¶¶ 65-73. Plaintiff claims that he is a consumer within the meaning of the FDCPA. *See id.* ¶ 65. He alleges that Ayesh

> is an attorney engaged in the practice of the collection of condominium association assessments and has threatened false amounts and illegal collection


>   actions (15 USC § 1692f; 15 USC § 1692e), he has issued collections efforts without the FDCPA notification requirements; directed the fines and assessments in methods and amounts not even potentially authorized by the agreement of the parties (15 USC § 1692f) and attempted collections on those false claimed debts (15 USC § 1692e).

*Id.* ¶ 68. He further alleges that "Ayesh has threatened seizure of the Plaintiff's home and espoused that purpose in writing, rather than the collection of just debts" in violation of § 1692e, and "has used unfair debt collection practices to intentionally interfere" with his contractual and constitutional rights. *Id.* With respect to defendants SPP and CLVCA, he likewise alleges that they have violated the FDCPA. *Id.* ¶¶ 69-70. Lastly, plaintiff alleges that each of these three defendants "have separately violated the specific FDCPA requirements for cessation of collection efforts after plaintiff's demands and for validation of debt; by unfair collection communications, abuse, false and misleading representations and unfair practices." *Id.* ¶ 71.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *See* 15 U.S.C. § 1692(e). The FDCPA defines several terms used in its provisions, including the following:

>   (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
>
>   (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.
>
>   (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced

   to judgment.

   (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .

*See* 15 U.S.C. § 1692a(3)-(6).

  The Tenth Circuit has recognized that "[t]he substantive heart of the FDCPA lies in three broad prohibitions" set out in §§ 1692d, 1692e, and 1692f. *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002). The first, § 1692d, prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The second, § 1692e, prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." And last, under § 1692f a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." In 2006, Congress added § 1692g to require debt collectors to provide consumers written notice containing certain information about the alleged debt. Debt collectors may be subject to civil liability when they violate any of these provisions. *See* 15 U.S.C. § 1692k.

  Defendants contend that Ayesh is not a debt collector under the FDCPA because attorneys are considered debt collectors only when they regularly collect debts. Mem. at 6. Defendants also contend that the Court may take judicial notice of his firm's website and the legal directory of the Kansas Bar Association. *Id.* They also argue that this is not a debt collection case, because "CLVCA made penalty assessments" but no one has made any collection efforts. *Id.* Finally, defendants invoke the "business judgment rule" to insulate SPP

8

and CLVCA against all claims, including any under the FDCPA. *Id.* at 6-14. Defendants' supplemental briefing also argues that the Court should dismiss this action for the same reasons it dismissed *Berg I*. (*See* Doc. 36 at 1-2.)

This case arises from the imposition and alleged collection of $7,050 in fines assessed against plaintiff for various alleged violations of rules of the condominium association. *See* Compl. ¶¶ 24, 29, 33, 38-48, 60; Ex. C attached to Compl. These alleged special assessments or fines differ from the alleged debt sought to be collected in plaintiff's prior action. *See Berg I*, 2013 WL 6511877, at *3 (noting that the FDCPA claims concerned efforts to collect attorney fees and costs awarded in two prior state actions). But similar to *Berg I*, "the determinative question is whether" the $7,050 in fines constitute an "obligation of a consumer to pay money arising out of a transaction," as is required to qualify as a debt under § 1692a(5). *See id.* at *5. And like it did in *Berg I*, the Court concludes that the alleged debt – fines, in this case – does not constitute a debt within the meaning of § 1692a(5). The fines assessed against plaintiff are penalties for alleged violations of rules. They did not result from a business dealing or any obligation to pay for goods or services. Accordingly, the fines do not create a debt in the defined sense of that term under the FDCPA. *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (holding that fines levied against an individual "cannot reasonably be understood as 'debts' arising from consensual consumer transactions for goods and services" and finding that the district court properly dismissed amended complaint under Fed. R. Civ. P. 12(b)(6) for failing to state a claim under the FDCPA); *Omran v. Beach Forest Subdivision Ass'n*, No. 12-10116, 2012 WL 1676688, at *3 (E.D. Mich. May 11, 2012) (finding that fines imposed by a homeowners association do not create a debt as defined by the FDCPA); *Durso v. Summer Brook*

9

*Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1265 (M.D. Fla. 2008) (finding that "fines assessed against Plaintiff by the [homeowners association] do not create a 'debt' under the FDCPA").

In sum, the condominium association assessments imposed on plaintiff by CLVCA functionally equate to the homeowner association assessments at issue in *Omran* and *Durso*. The Court is persuaded by the analysis in those cases and thus concludes as a matter of law that this case involves no "debt" within the meaning of the FDCPA and that no defendant qualifies as a debt collector under that statute. Consequently, plaintiff has stated no plausible claim under the FDCPA. The Court thus dismisses plaintiff's FDCPA claims for failing to state a claim upon which relief can be granted.

**B.  Other Claims**

Plaintiff asserts various state claims and asks the Court to exercise its supplemental jurisdiction over them under 28 U.S.C. § 1367.  *See* Compl. ¶¶ 66, 74-107.  Because the Court has dismissed plaintiff's only federal claims, it thus must decide whether it should retain jurisdiction over the state claims.

Whether to exercise supplemental jurisdiction "after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *accord United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).  Federal courts "should

consider retaining state claims" when the balance of these factors "would be served by retaining jurisdiction." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) (quoting *Anglemyer v. Hamilton Cnty. Hosp.,* 58 F.3d 533, 541 (10th Cir. 1995)).  On the other hand, "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ.*, 484 U.S. at 350 (footnote omitted).

Although plaintiff filed this case in April 2013, the Court stayed discovery pending resolution of this Motion to Dismiss and deferred ordering the parties to meet and confer under Fed. R. Civ. P. 26(f) and setting a scheduling conference under Fed. R. Civ. P. 16 until it had resolved this motion.  At such an early stage of the litigation, judicial economy does not favor the exercise of supplemental jurisdiction over any state claims.  And neither convenience nor fairness would be better served by retaining jurisdiction over those claims.  As noted in *Wittner*, any fear that state law claims may have expired under a state statute of limitations is obviated by § 1367(d), which provides for tolling while claims are pending in federal court and for thirty days  after they are dismissed or even longer if State law provides a lengthier tolling period.[9]  *See* 720 F.3d at 781; 28 U.S.C. § 1367(d).  In short, the balance of factors does not favor retaining

---

[9]Kansas has a savings statute, K.S.A. § 60-518, that provides:
> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

"If the Kansas saving statute is applicable, the time frame provided therein controls over the 30-day period provided in 28 U.S.C. § 1367(d)." *Nicks v. Brewer*, No. 10-CV-1220-JAR-JPO, 2011 WL 887544, at *2 n.2 (D. Kan. Mar. 11, 2011); *accord Peoples v. Langley/Empire Candle Co.*, No. 11-2469-CM-JPO, 2012 WL 171340, at *4 (D. Kan. Jan. 20, 2012) (citing K.S.A. § 60-518 as providing six months).

11

jurisdiction over the state claims. Accordingly, the Court dismisses the state claims without prejudice to plaintiff's right to pursue them in state court.

## V.  SANCTIONS

Defendants appear to seek sanctions against plaintiff so as to prohibit him from filing lawsuit after lawsuit. Mem. at 29. Federal courts may impose sanctions, including reasonable filing restrictions, "that are necessary to regulate the docket, promote judicial efficiency, and deter frivolous filings." *Gass v. United States*, 4 F. App'x 565, 568 (10th Cir. 2001) (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986)). But, "[t]he party seeking sanctions has the burden to show that sanctions are warranted." *Rollins v. Cargill, Inc.*, No. 11-1147-EFM, 2012 WL 3644927, at *4 (D. Kan. Aug. 24, 2012). Defendants here have not carried this burden. They have not shown that plaintiff has engaged in sanctionable conduct in this action. Although plaintiff has failed to state a federal claim upon which relief can be granted, the merits of his state claims remain undecided because the Court has declined to reach the merits of those claims. Plaintiff's prior federal action in *Berg I* produced a similar outcome. These circumstances do not warrant any filing restrictions.

## VI.  CONCLUSION

For the reasons explained above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 28 U.S.C. § 1927 (Doc. 27). Pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismisses plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. for failure of plaintiff to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over plaintiff's state claims, and thus dismisses them without prejudice

to plaintiff pursuing them in state court. The Court otherwise denies the motion.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas on this 11th day of June, 2014.**

_____
**Daniel D. Crabtree**
**United States District Judge**